GLEASON, RESPONDENT, v. GLEASON, APPELLANT.

(No. 6,778.)

(Submitted May 20, 1931. Decided May 29, 1931.)

[300 Pac. 570.]

106

Mr. *John W. Mahan,* for Appellant, submitted a brief and argued the cause orally.

Mr. *John K. Claxton,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE FORD delivered the opinion of the court.

This is a suit upon a promissory note given by defendant to plaintiff. There was verdict and judgment for plaintiff; defendant's motion for a new trial was denied, and he appeals from the judgment.

The complaint is in the usual form. By answer defendant admitted the execution and delivery of the note, but denied that plaintiff was the owner and holder of the same, and alleged that the note had been fully paid. Upon the trial plaintiff testified that she was the owner and holder of the note, and that no part thereof had been paid; that the original note had been introduced in evidence in a proceeding pending in the district court of Lewis and Clark county and was not in her possession. Defendant testified that the note had been paid in full, and that plaintiff had advised him that it had been destroyed. Over defendant's objection there was introduced in evidence a purported copy of the note. When the copy was offered in evidence, counsel for plaintiff said: "We offer the copy of the note in evidence, if the court please, in the form of plaintiff's Exhibit A, for identification with the assurance to the court that before a judgment is entered, we will get an order withdrawing the exhibit from the clerk's hands at

Helena, and file it here, if a judgment is entered." The original note was not filed.

In support of his motion for a new trial defendant filed the affidavit of the clerk of the district court of Lewis and Clark county which recites: "That the affiant has made a search and has carefully reviewed the record in said proceedings and that said record does not contain any indication whatever of any promissory note as having been marked as an exhibit or offered or received in evidence either at the hearing on the order to show cause or at the trial of the case, and that there is no promissory note or note of any character whatever in the exhibits or among the exhibits in said court and in said cause, and that said affiant never had and does not now have the custody or control of any promissory note or note of any kind whatsoever bearing either the name of the plaintiff or defendant, and that the same has never been in the records of said court." The deputy clerk who attended upon the hearing and trial of the action made affidavit "that there never was a promissory note or note of any kind or character whatever marked for an exhibit or introduced or offered in evidence as an exhibit in said cause at either the hearing of the order to show cause or at the trial of said cause; that the affiant has made diligent search of the records of said office and has examined the exhibits received in evidence and that the records are entirely silent and make no reference whatsover regarding a note, and that there never was or is not now a promissory note bearing the name of either plaintiff or defendant in said cause in the custody of either the clerk of the district court or the deputy clerk of the court of said county." Defendant's motion for a new trial was denied.

From what has been said it will be seen that this is not a case of proving the contents of a lost or destroyed instrument, but rather one of proving by secondary evidence the contents of the note claimed to be in the custody of a public officer. The clerk of the district court of Lewis and Clark county was not called as a witness, nor was the copy introduced made by, or certified to, by him as a true and correct copy of the original.

Counsel for defendant predicates error upon the court's ruling in receiving a copy of the note in evidence and in denying his motion for a new trial.

Conceding, but not deciding, that the court properly admitted the copy in evidence, we think it was error to deny defendant's motion for a new trial. Whether the note was or was not in existence was an important element in the trial of the cause. Plaintiff testified that the note had not been paid and was in the office of the clerk of the district court of Lewis and Clark county, and counsel assured the court "that before judgment is entered, we will get an order withdrawing the exhibit [the note] from the clerk's hands at Helena and file it here, if judgment is entered." In view of plaintiff's testimony and the statement of counsel, the jury might well have disbelieved defendant's testimony that plaintiff had advised him that it had been destroyed. But on motion for a new trial the clerk of the district court of Lewis and Clark county and his deputy made affidavits that the note was not then and had not at any time been in their custody. That counsel for plaintiff was acting in good faith when he assured the court that the note would be filed before the entry of judgment cannot be doubted, but, if the facts set forth in the affidavits of the clerk of the district court and his deputy at Helena are true, it is apparent that counsel was laboring under a misapprehension of fact. What conclusion the jury would have reached under such circumstances we cannot say, and for that reason we are of the opinion that a new trial should have been granted.

Counsel for plaintiff argues that on motion for a new trial defendant did not show by the official court reporter that the note had not been marked for identification on the hearing had in the district court of Lewis and Clark county. Defendant was not required to go further than he did. The testimony of plaintiff and her witnesses was to the effect that the note was in the custody of the clerk, and when defendant showed by affidavits that such was not the fact, if plaintiff desired to overcome such showing, it was her duty, and not that of

defendant, to show by the court reporter that the note was in fact marked for identification and introduced in evidence.

For the foregoing reasons the judgment is reversed and the cause remanded to the district court of Silver Bow county for a new trial.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, ANGSTMAN and MATTHEWS concur.

Rehearing denied June 26, 1931.